Robert Gray Administrative Aide Public Employee's Retirement Association 1300 Logan St. Denver, CO 80203
Dear Mr. Gray:
This opinion letter is in response to your November 23, 1981 letter in which you inquired about the statutory interpretation of the phrase "cooperative extension employees" by the Public Employees' Retirement Association ("PERA").
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Is PERA correct in interpreting the phrase "cooperative extension employees" under C.R.S. 1973, 24-51-101(5)(a)(I), as amended by S.B. 162, to mean cooperative extension employees who participate in the federal civil service retirement system as defined by C.R.S. 1973, 24-51-126?
 My conclusion is "yes". It is my opinion that the rules of statutory interpretation permit PERA to exempt from the definition of "state employee" only those cooperative extension employees who participate in the federal civil service retirement system.
ANALYSIS
Senate bill 162, 1981 Colo. Sess. Laws ch. 306, amended C.R.S. 1973, 24-51-101(5)(a)(I) to include the phrase "cooperative extension employees":
 (5) (a) (I) "State employee" means any person holding a state office or regularly employed by the state in any capacity whatever whose salary is paid either by warrant of the state or from the fees or income of any department, board, bureau, or agency of the state, excepting county commissioners, judges of the supreme court, court of appeals, and district, county, juvenile, probate, and superior courts, and district attorneys, cooperative extension employees . . .
C.R.S. 1973, 24-51-126(1) states:
 (1) Employees of the extension service of Colorado state university, employed in cooperative extension work with the United States department of agriculture after March 16, 1955, who also participate in the federal civil service retirement system as a condition of their employment, are exempted from participation in the public employees' retirement system.
This statutory provision limits the PERA exemption for cooperative extension employees to those employees who participate in the federal civil service retirement system. You have indicated in your letter that there is an additional group of cooperative extension employees who do not participate in the federal civil service retirement system, and who instead rely upon PERA as their only possible retirement coverage. The Supreme Court of Colorado addressed the rules of statutory construction when two related statutes could be interpreted in an inconsistent manner:
 Our analysis of these two sections is based on three fundamental tenets of statutory construction. First, statutory interpretation must be governed by legislative intent; second, if a statute is susceptible of both constitutional and unconstitutional interpretations, the court will construe it to avoid constitutional infirmities; third, statutory provisions in pari materia must be construed together.
Colorado State Board of Medical Examiners v. Jorgensen,198 Colo. 275, 278, 599 P.2d 869, 871 (1979) (Citations omitted). These three rules can be applied to this matter:
a. Statutory interpretation must be governed by legislative intent.
The intent of the legislature in adopting the exemption for "cooperative extension employees" was to exempt only those cooperative extension employees who were already covered by the federal civil service retirement system. The explanation submitted to the House State Affairs Committee on March 3, 1981 by PERA stated:
 Cooperative extension employees are employed by CSU but are required to be members of the federal civil service retirement system instead of PERA. This amendment clarifies that they are not eligible for PERA and are not required to register their employment with PERA. (Most employees of PERA-affiliated employers must register their employment on a simple form with PERA, to clarify that they know PERA's available and to limit the employer's liability to cover. But in no case are extension employees eligible for PERA, so the amendment exempts them from this requirement.)
It is clear from the above explanation that only those cooperative extension employees covered by the federal civil service retirement system were being exempted.
b. If a statute is capable of constitutional and unconstitutional interpretation, the court will construe it to avoid constitutional infirmities.
Construing the exclusion of "cooperative extension employees" in section 24-51-101(5)(a)(I) as applicable only to those employees who are covered by the federal retirement system raises no constitutional issues.
c. Statutory provisions in pari materia must be construed together.
The definition of "state employee" in C.R.S. 1973, 24-51-101(5)(a)(I), as amended, which exempts "cooperative extension employees" must be read in the context of the entire statutory scheme for the Public Employees Retirement Association. It is only when the two statutory provisions concerning cooperative extension employees are read together that a sensible statutory program is realized.
SUMMARY
To briefly summarize my opinion, "cooperative extension employees" in C.R.S. 1973, 24-51-101(5)(a)(I), as amended by S.B. 162, should be interpreted by PERA to mean only those cooperative extension employees defined in C.R.S. 1973, 24-51-126 who participate in the federal civil service retirement system, are exempted from PERA coverage.
Very truly yours,
 J.D. MacFARLANE Attorney General
RETIREMENT SYSTEMS EMPLOYEES, PUBLIC STATUTORY CONSTRUCTION
C.R.S. 1973, 24-51-101(5)(a)(I), as amended C.R.S. 1973, 24-51-126
PERA PENSION PLANS Pera Pension Plans
Only those cooperative extension employees who participate in the federal civil service retirement system are exempted from coverage by the Public Employees' Retirement Association.